WORSLEY v. THE BURLINGTON INSURANCE COMPANY.

Settlement : MISTAKE : CORRECTION IN EQUITY : RELIEF UNDER GENERAL PRAYER. Defendant was owing plaintiff's intestate on two separate accounts, one for sums due, and the other for sums not due. In settling the accounts, there was a dispute as to whether certain items which defendant had placed in the second account should not be placed in the first, and they were finally so placed, but they were not deducted from the second account, and defendant, in writing, then agreed to pay the amounts of the two accounts, as they then stood—the one at a time stated, and the other when the several items should come due. Afterwards defendant was sued upon the agreement for the amount agreed to be paid on the first account, and it filed a cross-petition alleging a mutual mistake in the written agreement, in that a credit of a stated sum was erroneously allowed to plaintiff, whereby the amount agreed to be paid on the first account was too large, and asking for a correction of the agreement, and "for such other and further relief as may be in keeping with equity and good conscience." Held—

    (1) That the evidence (see opinion) established a mutual mistake, not in the amount agreed to be paid on the first account, but in failing to deduct from the second account the items transferred from it to the first.

    (2) That although defendant in its cross-petition alleged the mistake to be in the first account, and asked relief as to that, yet, under its prayer for general relief, it was entitled to have the agreement reformed, by deducting from the sum agreed to be paid on the second account the sum of the items which had been transferred from it to the first account.

*Appeal from Montgomery District Court.*—HON. C. F. LOOFBOUROW, Judge.

FILED, MAY 16, 1888.

ACTION to recover $1,064.59 and interest thereon, alleged to be due by the terms of a written agreement. The answer admits the making of the agreement, and that the amount in suit is not paid, but alleges that it

was included in the amount required to be paid by the agreement in consequence of a mistake of fact, and that plaintiff is not entitled to recover in this action for that reason. The defendant filed with its answer a cross-petition, in which it alleges the making of the agreement set out by plaintiff, and states that by mistake of fact, which occurred when said agreement was made, a credit of $1,064.59 was erroneously allowed to plaintiff, and included in said agreement. The correction of the instrument is asked, and also general equitable relief. The issues raised by the cross-petition and answer thereto were tried by the district court in the manner provided for the trial of equitable actions, and judgment was rendered in favor of plaintiff for costs. Defendant appeals. The issues raised by the petition of plaintiff and the answer thereto are not involved in this appeal.

*Newman & Blake*, for appellant.

*S. McPherson*, for appellee.

ROBINSON, J.—W. H. Hunter was the general agent of defendant for the state of Kansas from August, 1882, to November, 1884. He died in the last-named month, and plaintiff was appointed and qualified as administrator of his estate. When Hunter died his accounts with defendant were unsettled, and the agreement in suit was made, after some controversy, in settlement of these accounts. It appears that they were of two classes, one of which was called the "regular accounts" and the other the "deferred accounts." In the regular account was kept a record of all cash transactions between defendant and decedent, and of all commissions and fees which were to be paid to him prior to the collection of the premium notes on account of which they were due. In the deferred account was kept a record of such commissions and fees as were not to be paid until the premium notes on account of which they were charged should be collected. The agreement in suit was made on the thirteenth day of November, 1885, and fixed the

balance of the regular account in favor of plaintiff at five thousand dollars, and fixed the balance of the other account in favor of plaintiff at $8,904.43. The first-named balance was to be paid in full before June 10, 1886, and the other was to be paid at stated times, as collections on certain notes were made. All of the balance on regular account has been paid, excepting the amount in suit.

I.   It is claimed by appellant that an entry on its books, made to comply with the ruling of the auditor of state, but which was not designed to affect the accounts of decedent, was by mistake considered in its settlement with plaintiff, and the amount of the balances to his credit was increased in consequence by the sum in controversy. This is denied by appellee, who insists that the settlement was a compromise of matters in dispute, and not the result of an accurate computation of accounts shown by the books of the parties in interest. There is some conflict in the evidence as to some of the issues, but we think the fact is fairly established that a mistake was made in the settlement; that it was mutual; and that it resulted in the increase of the credits specified in the agreement by the amount named in the cross-petition. There does not seem to have been any controversy between the parties to the agreement as to the aggregate amount of the credits in favor of plaintiff. The books of the decedent show that at the date of settlement the amount aforesaid was $13,021.05, while the books of defendant show that at that date the said amount was $12,982.31. The chief controversy between the parties was as to the proper balance of the regular account. The plaintiff insisted that a considerable portion of the credits given decedent in the deferred account should be given in the regular account. He states that he never figured on the deferred account, and made no statement to the defendant as to what he claimed on that, and that his purpose in examining the accounts prior to the settlement was to determine what items belonged in the regular account. He states that "the only question in dispute had been as to the amount of the regular

accounts." He had claimed that it was much larger than the amount admitted by defendant. It was finally agreed that a discount of $142.47 should be allowed to defendant, and that the balance to the credit of plaintiff in the regular account should be fixed at five thousand dollars. This was larger than the balance on this account shown by the books of defendant by the amount in controversy, and was carried into the agreement of settlement. Notwithstanding this change in the regular account, no change was made in the other, but the balance which the books of defendant showed to be to the credit of plaintiff therein was carried into the agreement. In this a mistake was made, for the reason that such balance should have been reduced by the amount which was added to the balance of the regular account. Our conclusion that a mistake was made by both parties is strengthened by the fact that, six days after the agreement was signed, the defendant wrote to plaintiff and claimed that an error in settlement had been made to the amount in controversy. Two days later the plaintiff answered the letter of defendant, stating that he knew nothing about defendant's books; that he based his views on what Hunter's books showed; and that, when they arrived at an amount which corresponded with them, he was satisfied with it. But the settlement allowed to plaintiff more than one thousand dollars in excess of the amounts to which he was shown to be entitled by Hunter's books. We conclude that a mistake has been established, and that defendant is entitled to have the agreement in suit corrected to carry into effect the intent of the parties to it.

II. Appellee insists that if the agreement is found to be correct as to the balance of the regular account, no relief can be granted to appellant, for the reason that it has not in terms asked any as to the other balance. We do not think this claim is well founded. The defendant alleges that an erroneous credit has been given to plaintiff. It is true that the error is alleged to have occurred in the regular account, and relief as to that is asked; but defendant also asks "for such other and

further relief as may be in keeping with equity and good conscience." The evidence shows that there was a mutual mistake of fact in the settlement as to the amount of credits to which plaintiff was entitled; that the credit he received was too large by the sum in controversy; and that defendant is entitled to relief. We think the averments of the cross-petition and the prayer for relief are sufficiently broad to permit the reforming of the agreement in suit to express the real intent of the parties. The balance in the deferred account to the credit of plaintiff named in said agreement is therefore reduced to $7,839.84, which sum is to be paid according to the terms of said agreement which relate to the balance in the deferred account.

REVERSED.